NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-791

TIFFANY N. NUGENT

vs.

GILBERT BAGUMA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a hearing for damages at which only the plaintiff, Tiffany N. Nugent, appeared, a Housing Court judge entered a default judgment and ordered damages against Nugent's former landlord, the defendant, Gilbert Baguma, for various breaches of obligations stemming from Nugent's tenancy in a room Baguma rented to her (property).  The judge subsequently denied Baguma's motion for relief from judgment, in which Baguma claimed that Nugent had made various misrepresentations to the judge.  Baguma appeals from both the default judgment and the order denying the motion for relief from judgment.  We affirm.

Discussion.  "Appellate briefs must contain the contentions of the appellant with respect to the issues presented, and the

reasons therefor, with citations to the authorities, statutes and parts of the record relied on" (quotation and citation omitted). Selmark Assocs., Inc. v. Ehrlich, 467 Mass. 525, 540 (2014); see Mass. R. A. P. 16, as appearing in 481 Mass. 1628 (2019). In response to Baguma's request to file a nonconforming brief, a single justice of this court ordered that Baguma's brief and appendix be accepted but cautioned Baguma that the order "should not be construed as a waiver of the requirement to provide appropriate appellate argument and a sufficient record appendix to enable appellate review," and specifically warned that Baguma had "failed to provide a copy of the transcript cited in the informal brief." See Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019). Notwithstanding this admonition, Baguma failed to supplement his argument or the record appendix.[1]

Baguma argues that the Housing Court judge made factual errors and contends that Nugent unlawfully occupied Baguma's property, forged the lease for the property, misled Baguma's "business partner" in order to secure the rental, took advantage of Baguma's absence from Massachusetts as a truck driver, and asked Baguma to falsify documents so she could defraud a government rental assistance program. However, Baguma's brief

---

[1] In a letter to the court, Nugent declined to file an appellee brief.

2

fails to provide any citations to the record or meaningful legal argument in support of his position. Because Baguma did not provide a transcript of the Housing Court hearing, we have no way of assessing the validity of his assertions regarding Nugent's representations to the judge. Moreover, Baguma makes factual assertions and arguments regarding Nugent's claims that we cannot consider because they were not raised to the Housing Court judge in the motion for relief from judgment. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issue not raised or argued below may not be argued for first time on appeal). In short, because Baguma failed to comply with the requirements of our appellate rules, he has waived all issues raised in his appeal.

<u>Default judgment and order denying motion for relief from judgment affirmed</u>.

By the Court (Desmond, Sacks & Brennan, JJ.[2]),

Clerk

Entered: May 7, 2025.

---

[2] The panelists are listed in order of seniority.